UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS W. SEITER,

    Plaintiff,

  v.

YOKOHAMA TIRE CORPORATION,

    Defendant.

Case No. C08-5578 FDB

ORDER GRANTING MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Defendant Yokohama Tire Corporation's motion for protective order. The Court, having reviewed the pleadings, is fully informed and hereby grants the motion for the reasons stated herein.

**Introduction and Background**

This is an employment-based lawsuit, brought by Plaintiff, Thomas W. Seiter against Defendant Yokohama Tire Corporation for wrongful termination, disability discrimination and unpaid wages. Yokohama seeks the entry of a protective order prohibiting third-party disclosure of certain Yokohama confidential commercial information. Specifically, Seiter, who Yokohama has recently confirmed is currently employed by a competitor, seeks the production of all documents

ORDER - 1

1 related to warranty or technical issues for two of Yokohama's commercial tire products. Yokohama
2 asserts that its warranty policies and other information relating to their sales and development of
3 tires are highly confidential and disclosure of this information to Yokohama's competitors would
4 give them an unfair advantage.

Plaintiff Seiter counters that to deny him access to this information will severely prejudice his ability to prove his case and render further discovery and trial cumbersome and inefficient. Plaintiff further claims that Defendant seeks to hide important public health and safety information.

In response to Plaintiff's main concern, Yokohama indicates that it does not seek to completely prohibit the discovery of these documents, but simply to make their production subject to a confidentiality order and require Plaintiff to give notice to Yokohama if he intends to file these documents with the Court so that Yokohama may move the Court pursuant to Local Rule 5(g) to have these records sealed.

**Rule 26(c) Protective Orders**

It is well established that the "fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Fed. R. Civ. P. 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way..." Fed. R. Civ. P. 26(c)(1)(G). Rule 26(c) authorizes the court to override the presumptively public disclosure where good cause is shown. <u>San Jose Mercury News, Inc. v. U.S. Dist. Ct.</u>, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c)(1)(G) provides for a protective order upon a showing "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."

To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. Specifically, the moving party must make a clear

ORDER - 2

showing of a particular and specific need for the order. <u>Blankenship v. Hearst Corp</u>., 519 F.2d 418, 429 (9th Cir.1975). In the case of trade secrets, the moving party must show (a) that the information is a "trade secret or other confidential research, development, or commercial information," under Rule 26(c)(7) and (b) that its disclosure would be harmful to the party's interest in the property. The decision to issue a protective order rests within the sound discretion of the trial court. <u>Wang v. Hsu</u>, 919 F.2d 130, 130 (10th Cir. 1990).

Where trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims. <u>Brown Bag Software v. Symantec Corp</u>., 960 F.2d 1465, 1470 (9th Cir. 1992). The court may order that the trade secret or commercial information not be revealed or be revealed only in a designated way. Fed. R. Civ. P. 26(1)(G). Courts commonly issue protective orders limiting access to sensitive information to counsel and their experts. <u>Nutratech, Inc. v. Syntech (SSPF) Intern., Inc</u>., 242 F.R.D. 552, 555 (C.D. Cal. 2007). These protective orders represent judicial efforts to strike a proper balance between the philosophy of full disclosure of relevant information and the need for reasonable protection against harmful side effects, such as the risk that disclosure will result in competitive harm. <u>Id</u>.

Defendant has demonstrated to the satisfaction of this Court that good cause exists for the issuance of the proposed protective order. Defendant's fear of competitive harm from disclosure of its trade secrets relating to research and development, pricing policies, and other confidential business practices, to Plaintiff's new employer is legitimate. Plaintiff has not shown how this limited protective order confining the use of confidential information to the current litigation hinders his ability to prove his case. Should Plaintiff believe after disclosure that this information is not properly subject to the protective order, he may challenge the designation.

**Conclusion**

For the above stated reasons the Court grants Defendant's motion for a protective order.

ORDER - 3

1     ACCORDINGLY;

2     IT IS ORDERED:

3     Defendant's Motion for Protective Order [Dkt. # 19] is **GRANTED**.

5     DATED this 10th day of August, 2009.

                                          FRANKLIN D. BURGESS
                                          UNITED STATES DISTRICT JUDGE

ORDER - 4