UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS W. SEITER,<br><br>Plaintiff,<br><br>v.<br><br>YOKOHAMA TIRE CORPORATION,<br><br>Defendant. | Case No. 3:08-cv-05578-FDB<br><br>PROTECTIVE ORDER |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by the Court.

1. This Protective Order (the "Order") governs the handling of all documents, testimony and other information, including all copies, excerpts and summaries thereof, produced, given or filed during discovery and other proceedings in this action as specified below.

2. For purposes of the Protective Order, Yokohama may designate as "Confidential" any material that it produces in the course of litigation responsive to Plaintiff's document requests regarding the warranty policies of Yokohama products that it in good faith believes is comprised of trade secrets or proprietary commercial information which is not publicly known and is of technical or commercial advantage to its possessor, including but not limited to confidential research and development information, financial information, customer contact information, product design and warranty information and other sensitive or proprietary information (hereafter, "Confidential Material"). Confidential Material may only be used in connection with this litigation, and for no other purpose, and may not be disclosed to any person or entity except as expressly provided in this Order.

3. Confidential Material may be inspected only by the parties, employees of the parties, counsel of record for the parties, counsels' employees, designated persons who may be retained by the parties to furnish expert services or advice or to give expert testimony in this action, the Court, and the jury. Any additional disclosure of Confidential Material shall take place only pursuant to agreement of counsel, or, absent agreement, pursuant to further order of this Court upon motion duly made.

4. Confidential Material shall be designated as follows:

(a) With regard to documents, the designation shall be made by placing the legend "Confidential" on the pages of any such document prior to the production of the document(s).

(b) With regard to deposition transcripts, the designation can be made by any party, no later than 15 business days after receipt of the deposition transcript, by providing notice in writing to the other party that all or any portion of the deposition transcript be designated as "Confidential" under the terms of this Order. Prior to the expiration of this 15-day period, all transcripts and the information contained therein, in whatever form, shall be deemed to be "Confidential" under the terms of this Order. All copies of deposition transcripts that contain Confidential Material shall be prominently marked "Confidential" on the cover thereof.

5. Prior to the disclosure of any Confidential Material pursuant to paragraph 3 hereof to the parties, employees of the parties, and the parties' expert(s), counsel for the party receiving Confidential Material shall provide a copy of this Order to such individual, and shall inform him or her that neither the Confidential Material nor the contents thereof may be disclosed to third parties, that the Confidential Material must remain in that person's custody until returned to counsel, that the Confidential Material is being disclosed pursuant to the terms, conditions, and

restrictions of this Order, and that that person may not use the Confidential Material or contents thereof except for the purpose of this action and as permitted by this Order or further order of the Court.

6. If a party seeks to file any "Confidential" documents or testimony with the Court, that party shall provide the opposing party with ten (10) days advance notice of that intent to afford the other party an opportunity to request that the Court allow for such documents or information to be filed under seal pursuant to Local Civil Rule 5(g).

7. Within thirty (30) days after the entry of a final judgment in this litigation, including appeals or petitions for review, counsel for the party who received Confidential Material shall return all copies of the Confidential Material received hereunder to counsel for the party who produced the Confidential Material. Any expenses associated with the return of Confidential Material shall be the responsibility of the party who produced the Confidential Material. With respect to any notes, summaries, digests, and synopses of Confidential Material prepared by a party's counsel, such materials need not be returned to the producing Party in accordance with this provision, but the same shall be subject to this Order both during the pendency of this litigation and after final judgment is entered herein.

8. The termination of proceedings in this action shall not relieve any person to whom Confidential Material has been disclosed from the obligations of this Order, unless the Court orders otherwise.

9. Nothing herein shall preclude Defendant from seeking and obtaining, upon an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material produced by a party in this lawsuit.

10. Nothing contained herein shall prejudice the right of any party to object to the

admissibility of the Confidential Material subject to this Order for any reason permissible under applicable law.

11. The terms of this Order shall continue unless and until modified or terminated by further order of this Court or agreement of the parties.

12. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any persons(s) injured by a violation of this Protective Order are fully reserved.

13. Any Party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

Presented By:

| | |
|---|---|
| James D. Kurek<br>jkurek@millisor.com<br>Christopher G. Kuhn<br>ckuhn@millisor.com<br>MILLISOR & NOBIL CO., L.P.A.<br>9150 South Hills Boulevard, Ste. 300<br>Cleveland, Ohio 44147<br>Ph: (440) 838-8800 / Fax: (440) 838-8805<br>*Appearing Pro Hac Vice* | Dated this 10th **Day of August, 2009.**<br><br>_____<br>FRANKLIN D. BURGESS<br>UNITED STATES DISTRICT JUDGE |

Kenneth J. Diamond (WSBA #27009)
ken@winterbauerdiamond.com
WINTERBAUER & DIAMOND, PLLC
1200 Fifth Avenue, Suite 1910
Seattle, Washington 98101
Ph: (206) 676-8440
Attorneys For Defendant,
Yokohama Tire Corp.