# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

THOMAS W. SEITER,

    Plaintiff,

v.

YOKOHAMA TIRE CORPORATION, a Delaware corporation,

    Defendant.

Case No. C08-5578 FDB

ORDER GRANTING DEFENDANT'S MOTION TO QUASH SUBPOENA

This matter comes before the Court on Defendant's motion to quash the subpoena to appear at trial served on Steven Kessing. The Court, having reviewed the pleadings and record herein, is fully informed and grants the motion to quash.

**Introduction and Background**

This action involves employment claims by Plaintiff Thomas Seiter against Defendant Yokohama Tire Company for retaliatory termination. Steven Kessing is a former officer of Yokohama with knowledge of circumstances relating to the termination of Plaintiff's employment. Mr. Kessing resides in Roanoke, Virginia.

The parties stipulated that Mr. Kessing would serve as Defendant's representative and attend

ORDER - 1

the deposition of Plaintiff in Washington State. Following Plaintiff's deposition, Mr. Kessing was also deposed. At the conclusion of Mr. Kessing's deposition, he was personally served with a subpoena to appear at trial. Defendant moves to quash the subpoena pursuant to Fed. R. Civ. P. 45(b).

**Rule 45**

Defendant asks the Court to quash Plaintiff's trial testimony subpoena on the grounds that it goes beyond the geographic reach of Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45(c)(3)(A)(ii) provides that a court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business." This Rule is not read in isolation but rather in conjunction with Rule 45(b)(2), which provides that "[s]ubject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place ... outside [the] district [of the issuing court] but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection."

Here, the rules must be interpreted in the context of a former corporate officer that has been designated as a corporate representative and whose residence is outside the district and beyond 100 miles of the court.

A majority of courts to interpret the interplay between Rule 45(b)(2)(B) and Rule 45(c)(3)(A)(ii) have found that Rule 45(c) (3)(A)(ii) permits service of a subpoena on a party or a party's officer beyond the 100-mile range that otherwise would serve as a bar. See <u>Am. Fed'n of Gov't Employees, Local 922 v. Ashcroft,</u> 354 F.Supp.2d 909, 915 (E.D. Ark. 2003) (holding that the majority of courts to address this issue have decided that the 100-mile limitation is inapplicable to parties and party officers); <u>Younis v. Am. Univ. in Cairo</u>, 30 F.Supp.2d 390, 395 n. (S.D. N.Y. 1998) (recognizing that officers of a foreign defendant in the action could be compelled to appear and testify in New York);<u>Creative Science Systems, Inc. v. Forex Capital Markets</u>, 2006 WL 3826730 (N.D. Cal. 2006) (same)

ORDER - 2

The Court agrees with the majority position that corporate officers of a party may be subpoenaed and required to travel more than 100 miles from where they reside, are employed, or regularly transact business.  Subpoenas served on individuals, such as Mr. Kessing, who are not corporate officers and who reside outside the geographic scope of Rule 45, must be quashed.  See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. 2009 WL 2972518 (S.D. N.Y. 2009).

While Plaintiff is not permitted to subpoena Mr. Kessing's attendance at trial, Plaintiff may offer deposition testimony where the witness is unavailable.  See Fed. R. Civ. P. 32(a)(3)(B).  Should the Defendant call Mr. Kessing in its case-in-chief, Plaintiff may elicit testimony through cross-examination.

**Conclusion**

For the above stated reasons, the Court quashes the subpoena to appear at trial directed to Steven Kessing.[1]

ACCORDINGLY;

IT IS ORDERED:

Defendant's Motion to Quash Subpoena [Dkt # 30] is **GRANTED**.  The subpoena served on Steven Kessing by Plaintiff's counsel on September 30, 2009, to appear at the trial in this case, is hereby quashed.

DATED this 3rd day of November, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's request for an award of $200.00 as attorney's fees is DENIED.

ORDER - 3