# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

THOMAS W. SEITER,

        Plaintiff,

vs.

YOKOHAMA TIRE CORPORATION,

        Defendant

Case No.: C08-5578 FDB

**ORDER GRANTING DEFENDANT'S MOTION TO SEAL DOCUMENTS AND DEPOSITION TESTIMONY**

This matter comes before the Court upon Defendant's Motion to Seal Documents and Deposition Testimony. The Court, having reviewed the motion, response and the record herein, hereby grants the motion to seal.

Defendant seeks to have sealed, pursuant to the terms of a previously entered protective order, deposition testimony and documents provided in discovery that address confidential investigations which were conducted by the Defendant regarding employees, other than the Plaintiff, for various infractions of company policy.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Pursuant to Fed. R. Civ. P. 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." See, Chicago Tribune Co. v.

Bridgestone/Firestone, Inc., 263 F.3d 1304, 1315 (11th Cir. 2001) (whether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in question.).

Although many cases have held that personnel files of similarly situated individuals may contain highly relevant information, this information is subject to privacy concerns and may be discoverable only under certain circumstances and subject to protections from dissemination. See Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615 (S.D. Ind. 2002); Coughlin v. Lee, 946 F.2d 1152 (5th Cir. 1991); Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 365 (6th Cir. 1999). This Circuit has held that personnel files are discoverable in federal question cases, including Title VII actions, despite claims of privilege. Guerra v. Board of Trustees, 567 F.2d 352 (9th Cir. 1977); Kerr v. United States District Court, 511 F.2d 192, 197 (9th Cir. 1975).

Although Plaintiff is entitled to access to the files of similarly situated individuals, a proper balance needs to be struck in an employment discrimination case between Plaintiff's need to discover information about co-workers and Defendant's privacy rights in its employment files. See Ragge v. MCA/Universal, 165 F.R.D. 601, 604 (1995).

A district court has very broad discretion under Fed. R. Civ. P. 26(c) in fashioning discovery orders. Discovery restrictions may be even broader where the target is a non-party. See Dart Indus. Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. 1980).

Accordingly, the Court finds that it is appropriate, at least at this stage of the proceedings, to subject the personnel files and related deposition testimony to the August 10, 2009 Protective Order.

ACCORDINGLY;

IT IS ORDERED:

Defendant's Motion to Seal Documents and Deposition Testimony [Dkt. # 38] is **GRANTED**. The following deposition testimony and documents are to be submitted under seal to this Court to the extent they are filed with the Court in this case. The deposition of Stephen Kessing taken on September 30, 2009, page 38, line 8 through page 58, line 25 and page 129, line 3 through page 147, line 14 and Exhibits 17 through 24.

Dated this 7th day of December, 2009

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE