UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS W. SEITER,

    Plaintiff,

    v.

YOKOHAMA TIRE CORPORATION,

    Defendant.

Case No. C08-5578 FDB

ORDER DENYING DEFENDANT'S MOTION TO SEAL DOCUMENTS AND DEPOSITION TESTIMONY

This matter comes before the Court on Defendant Yokohama Tire Corporation's motion o seal documents and deposition testimony. The Court, having reviewed the motion, response and the record herein, is fully informed and hereby denies the motion for the reasons stated herein.

**Introduction and Background**

This is an employment-based lawsuit, brought by Plaintiff, Thomas W. Seiter against Defendant Yokohama Tire Corporation for wrongful termination, disability discrimination and unpaid wages. Yokohama seeks to have sealed under the previously entered protective order, certain documents and deposition testimony it claims to consist of confidential business practices and trade secrets. Plaintiff disputes this characterization of the testimony and documents and further argues that Defendant has failed demonstrate the propriety for sealing this testimony and documents.

**Rule 26(c) Protective Orders**

To obtain a protective order, the party resisting discovery or seeking limitations must, under

ORDER - 1

1   Rule 26(c), show good cause for its issuance. Specifically, the moving party must make a clear

2   showing of a particular and specific need for the order. <u>Blankenship v. Hearst Corp</u>., 519 F.2d 418,

3   429 (9th Cir.1975).

4         Local Civil Rule 5(g)(4) provides that "[a] motion ... to seal shall provide a specific

5   description of particular documents or categories of documents a party seeks to protect and a clear

6   statement of the facts justifying sealing and overcoming the strong presumption in favor of public

7   access. The facts supporting any motion or stipulation to seal must be provided by declaration or

8   affidavit." In the case of trade secrets, the moving party must show (a) that the information is a

9   trade secret or other confidential research, development, or commercial information, and (b) that its

10   disclosure would be harmful to the party's interest in the property. <u>Wang v. Hsu</u>, 919 F.2d 130, 130

11   (10th Cir. 1990).

12         Defendant has failed to demonstrate that the subject deposition testimony and

13   documentation consists of trade secrets or propriety commercial information that should be shielded

14   from the public disclosure.

15                       **Conclusion**

16         For the above stated reasons the Court denies Defendant's motion to seal documents and

17   deposition testimony.

18         ACCORDINGLY;

19         IT IS ORDERED:

20         Defendant's Motion to Seal Documents and Deposition Testimony [Dkt. # 48] is **DENIED.**

21         DATED this 19th day of January, 2010.

22

23

                        FRANKLIN D. BURGESS

24                         UNITED STATES DISTRICT JUDGE

25

26   ORDER - 2